# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RANDALL JOHN WILLIAMS,

    *Petitioner*,

vs.

JACK PALMER, *et al.*,

    *Respondents*.

3:09-cv-00625-HDM-RAM

ORDER

This closed habeas matter under 28 U.S.C. § 2254 comes before the Court following upon an additional show cause response submitted after the petition was dismissed with prejudice by a final judgment as untimely as well as on the merits.

## *Background*

Petitioner Randall John Williams sought to challenge the sentence under his Nevada state conviction, pursuant to a guilty plea, of robbery with the use of a deadly weapon.

On November 23, 2009, the Court ordered petitioner to show cause why the petition should not be dismissed with prejudice as time-barred. #7.  Petitioner sought and obtained an extension to mail a response for filing up to and including January 25, 2010. ## 8 & 9.  He mailed his response for filing on or about January 22, 2010. #10.  While petitioner noted in a cover letter that the state district court had not mailed copies of some decisions to him, he did not seek any further extension of time to respond. *Id.*  Petitioner followed with additional exhibits, including a copy of a state court order that is submitted a second time with the present post-judgment filing. ## 11 & 12.  Petitioner thereafter did not seek an extension of time but instead requested a status check. #13.

The only state court decisions referenced in petitioner's show cause response were in 2007 and 2008. This Court expressly took the operative dates that the matters were pending into account in its analysis of the timeliness of the petition. Compare #10, at 3, with #7, at 2, and #14, at 2.

Final judgment dismissing this action was entered on May 4, 2010. #15.[1]

The certificate of service reflects that the post-judgment response was mailed on June 2, 2010. The response includes copies of orders that either were expressly taken in to account in this Court's prior order and/or otherwise were from 2007 and 2008. The response also includes a copy of a November 15, 2006, order granting a pauper application.

### *Discussion*

Nothing in the tardy post-judgment response would lead to a different outcome in this matter. The federal limitation period expired on December 3, 2002, and the Court rejected petitioner's arguments seeking to establish equitable tolling or a different accrual date. See #14, at 3-5. State court proceedings conducted years after the expiration of the federal limitation period on December 3, 2002, whether in 2006, 2007, or 2008, do not affect the limitation analysis. The federal limitation period had expired years before such proceedings were pursued in the state courts. Nor does anything in the tardy post-judgment response lead to a different conclusion on the merits.[2]

The post-judgment response further is itself untimely. The time for petitioner to mail a response to the show cause order expired on January 25, 2010. Petitioner did not seek an

---

[1] The status check (#16) letter filed on May 6, 2010, necessarily was mailed prior to that time and appears to have crossed in the mail with the order and judgment of dismissal. While a party may send a letter under Local Rule LR 7-6(b) noting that a matter has been pending for more than sixty days, any request for specific relief – such as a response as to status and/or for copies of record materials – must be made by a motion satisfying the requirements of Rule 7(b) of the Federal Rules of Civil Procedure.

[2] *Inter alia*, with regard to petitioner's untimely *Apprendi* claim, the copy of the written guilty plea agreement filed with the tardy response confirms -- consistent with the Nevada Supreme Court's holding rejecting the claim – that petitioner pled guilty to robbery with the use of a deadly weapon as alleged in the charging instrument, that he acknowledged that he would receive an equal and consecutive sentence for the deadly weapon enhancement, and that he waived his jury trial right. Compare #14, at 5, with #17, at electronic docketing pages 16-20.

1 extension of time to file further materials, and he filed status check inquiries instead.  The
2 filing of an additional response only after entry of judgment, without any prior request for
3 either an extension of time or other federal court relief with regard to additional materials,
4 clearly is untimely.

5       The tardy post-judgment response therefore will be stricken as untimely filed.

6       The Court notes that the 28-day time period for seeking post-judgment relief under
7 Rule 59 of the Federal Rules of Civil Procedure expired on June 1, 2010.  The present
8 submission was not mailed for filing until on or after June 2, 2010, after the Rule 59 time
9 period expired. Petitioner accordingly would be able to seek post-judgment relief only under
10 Rule 60.  Nothing in the tardy response satisfies the requirements of Rule 60 for obtaining
11 post-judgment relief.  Thus, even if the Court were to construe petitioner's post-judgment
12 response as a request for rehearing, no grounds for such relief are shown.

13       The filing otherwise does not reflect any intent to appeal the Court's judgment.

14       IT THEREFORE IS ORDERED that petitioner's tardy post-judgment show cause
15 response shall be STRICKEN.

16       This matter has been and remains closed.

17       DATED: June 9, 2010.

_____
HOWARD D. MCKIBBEN
United States District Judge